IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAJII K. HILL, | No. 2:14cv2278-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| UNION SECURITY INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action. Based on the discussion below, the undersigned finds it appropriate to dismiss this action for plaintiff's lack of prosecution and failure to comply with court rules and orders.

On December 19, 2014, the court issued an order setting an initial scheduling conference for April 29, 2015, at 10:00 a.m. before the undersigned in Redding, California. That order required plaintiff to complete service of process on the named defendant(s) within 120 days. Plaintiff was cautioned that this action may be dismissed if service of process is not accomplished within the 120 days provided in Federal Rule of Civil Procedure 4(m). In addition, plaintiff was ordered to submit a status report addressing, *inter alia*, the status of service of process within seven days prior to the scheduling conference.

Plaintiff failed to file the required status report, failed to appear at the scheduling conference, and has not returned service of process indicating service has been completed.  In fact, plaintiff has done nothing to prosecute this case after he filed the complaint.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to prosecute this case as directed, the court finds that dismissal of this action is appropriate.  Plaintiff failed to file a status report, has failed to inform the court as to the status of service, and failed to appear at the scheduling conference as ordered.  In addition, service on the defendant has not been completed, and more than 120 has passed since the filing of the complaint.  See Fed. R. Civ. Proc. 4(m).

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

1  after being served with these findings and recommendations, any party may file written
2  objections with the court.  Responses to objections shall be filed within 14 days after service of
3  objections.  Failure to file objections within the specified time may waive the right to appeal.
4  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED: April 30, 2015

                                         _____
                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE